IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SCOTT RODGERS,<br><br>Petitioner,<br><br>vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano,<br><br>Respondent. | No. 2:07-cv-02383-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 17] |

At Docket No. 16 this Court entered final judgment granting the Petition of Kenneth Scott Rodgers for Relief Under 28 U.S.C. § 2254, and ordered the Board of Parole Hearings to hold a new parole-suitability hearing within 120 days. At Docket No. 17 Respondent timely filed a Motion to Alter Judgment under Federal Rule of Civil Procedure 59(e). Rodgers has not opposed the motion.

This Court may grant relief under Rule 59(e) under limited circumstances: an intervening change of controlling authority; new evidence has surfaced; or the previous disposition was clearly erroneous and, if uncorrected, would work a manifest injustice.[1]

Shortly after judgment was entered in this case, the Supreme Court handed down its decision in *Swarthout v. Cooke*.[2] In *Cooke*, the Supreme Court effectively overruled the Ninth

---

[1] *See Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.).

[2] 562 U.S. ---, 131 S. Ct. 859 (2011) (per curiam).

Circuit authorities relied upon by this Court in rendering its decision. In his motion, Respondent argues that *Cooke* constitutes an intervening change in controlling authority that forecloses Rodgers's claims. This Court agrees.

It is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[3] That a California prisoner has a liberty interest in parole protected by the procedural safeguards of the Due Process Clause of the Fourteenth Amendment is settled.[4] Because the only federal right at issue in this case is procedural, the relevant inquiry is whether Rodgers received due process.[5] The Constitution only requires that a prisoner be allowed an opportunity to be heard and to be provided with a statement of the reasons why a parole is denied, nothing more.[6] Rodgers contends that the decision of the Board was unsupported by some evidence as required by California law.[7] "[I]t is of no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."[8] California prisoners are allowed to speak at their parole hearings and to contest the evidence against them, are afforded access to their records in advance, and are notified of the reasons why parole is denied. That is all that due process requires.[9] "'Federal courts hold no supervisory

---

[3] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[4] *Hayward v. Marshall*, 603 F.3d 546, 561-64 (9th Cir. 2010) (en banc), *overruled sub silentio on another point by Cooke, supra*; *see Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (per curiam), *overruled sub silentio on another point by Cooke, supra*.

[5] *See Cooke*, 131 S. Ct. at 861-62.

[6] *Id*. at 862 (citing *Greenholtz*, 442 U.S. at 16).

[7] *See in re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[8] *Cooke*, 131 S. Ct. at 863.

[9] *Id.* at 862.

authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[10] Rodgers has failed to establish a wrong of constitutional magnitude. Accordingly, Rodgers's argument that he is entitled to habeas relief has been foreclosed by *Cooke*.

**IT IS THEREFORE ORDERED THAT** the Motion to Alter Judgment at Docket No. 17 is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the Judgment entered at Docket No. 16 is **VACATED**.

**IT IS FURTHER ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[11]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[12]

The Clerk of the Court is directed to enter judgment accordingly.

Dated: March 3, 2011.

                                           /s/ James K. Singleton, Jr.
                                           JAMES K. SINGLETON, JR.
                                           United States District Judge

---

[10] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

[11] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[12] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.